UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PETER DELEON, #14008089,

                      Plaintiff,

                                       **ORDER**
        -against-                      15-CV-3600(JMA)(AKT)

NY STATE, NASSAU CTY, NASSAU CTY
POLICE DEPT, NASSAU CTY DA's OFFICE,

                      Defendants.
----------------------------------------------------------------X

**AZRACK, United States District Judge:**

On June 11, 2015, incarcerated *pro se* plaintiff Peter Deleon ("plaintiff") commenced this action against NY State ("the State"), Nassau County ("the County"), the Nassau County Police Department ("the Police Department"), and the Nassau County "DA's Office" ("DA" and collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights.  Accompanying the complaint is an application to proceed *in forma pauperis*.  The court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for the reasons that follow.

## I.  BACKGROUND[1]

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form.  In its entirety, plaintiff's statement of claim alleges:[2]

> I was arrested on November 10, 2014 on charges of 24567/14 & 24566/14 three week's after I as arraid on those charges they took me back to arrainment court and arrained me on (DKT 25410/14) then two weeks after that they came a got me out of the Jail to the Police Department to fingerprint me and photograph me for the

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation and grammar have not been corrected or noted.

> charges they already arrained me on (DKT 25410/14). I refused to give them fingerprints & photo so they told me they would get a court order to get them from me. I said how could they arraind me before they arrest me what about my Due Prosses rights also I have been here in nassau cc for over six month's and still have not been indicted and I never waived my rights for the grand jury or anything else. I filed a 190.80 motion for my release to no advail, I attached said motion for your review. They also offered me 4 years and I have not been indicted also the statute says they have 45 days to 120 days to indcte me and its been longer than 120 days so thier time is up and I should be release and the charge's dissmissed but here I am still in thier Jail and that is now a violation of my civil rights to be held against my will. So I am seeking my release and relif in a foram montary compensation in the amount of 10 Million dollars in punitive damages. I also was never informed by my lawyer that I had a right to testified in front of the grand jury on my behalf and if I would have testified I would already be home and me never having waived my rights I should have been giving the chance to do so but was dinied and that was because I never had a grand jury hearing and its to late now because thier time is up seeing that its been over six month's already.

(Compl. ¶ IV and pages 6-7 annexed thereto.)

## II. DISCUSSION

**A.**   *In Forma Pauperis* **Application**

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

**B.**   **Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(I) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.    Section 1983**

> Section 1983 provides:
>
> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). With these standards in mind, the Court considers plaintiff's claims.

### 1. Claims Against N.Y. State

Plaintiff names the State as a defendant. The Eleventh Amendment bars suits brought by a state's own citizens in federal court. Woods v. Rondout Valley Central School Dist. Bd of Educ., 466 F.3d 232, 236 (2d Cir. 2006) (citing Alden v. Maine, 527 U.S. 706, 712, 119 S. Ct. 2240, 144 L. Ed. 2d 636 (1999)). The Supreme Court instructs that the Eleventh Amendment gives a state government immunity from suit, not just from liability. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, 506 U.S. 139, 144 (1993). Accordingly, because plaintiff's claims against the State are barred by the Eleventh Amendment to the Constitution, Idaho v. Coeur d'Alene Tribe of

4

Idaho, 521 U.S. 261, 268 (1997), they are not plausible and are thus dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

### 2. Claims Against Police Department and the DA

Plaintiff also names the Police Department and DA as defendants. However, the Police Department and the DA are non-suable entities because they are merely administrative arms of the County of Nassau. "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." See Rose v. County of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) (dismissing claim against the police department); Polite v. Town of Clarkstown, 60 F. Supp. 2d 214, 216 (S.D.N.Y. 1999) (add'l citation omitted); see also Booker v. Doe, No. 11-CV-1632, 2011 WL 3648275, *2 (E.D.N.Y. Aug. 10, 2011) (dismissing Section 1983 claim against the Suffolk County District Attorney's Office )(citing Conte v. Cnty. of Nassau, No. 06-CV-4746, 2008 WL 905879, at *1 n. 2 (E.D.N.Y. Mar. 31, 2008) ("the Nassau District Attorney's Office does not have a legal identity apart from the municipality")). Therefore, plaintiff's claims against the Police Department and the DA are implausible as a matter of law and are thus dismissed.

### 3. Claims Against Nassau County

It is well-established that a municipality, such as Nassau County, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. County of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See Wimmer v. Suffolk County Police Dep't, 176 F.3d 125, 137 (2d Cir.

1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy officially endorsed by the municipality, (2) actions taken or decisions made by an official with final decision making authority, (3) a practice so persistent and widespread that it constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees. Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002); Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996). "[A] single incident in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy. DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Plaintiff's sparse complaint does not include any factual allegations from which the Court may reasonably infer that the conduct of which plaintiff complains was caused by some policy or custom of Nassau County. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, because plaintiff has not alleged a plausible Section 1983 claim against Nassau County, such claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**D.     Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a *pro se* plaintiff who

6

brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

After carefully considering the facts alleged in the complaint, the Court grants plaintiff an opportunity to amend his complaint as against the County in accordance with this Order. Plaintiff's amended complaint must be labeled as an "amended complaint", bear the same docket number as this Order, 15-CV-3600(JMA)(AKT), and shall be filed within thirty (30) days from the date of this Order. Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include any allegations he wishes to pursue against Nassau County in the amended complaint. Further, if plaintiff does not file an amended complaint within the time allowed, this case shall be closed.

It is unclear from plaintiff's complaint whether he has been convicted of any of the charges for which he was arrested. Nevertheless, plaintiff is cautioned that, insofar as he seeks to impose liability on the County by challenging a conviction under Section 1983, such claims may be barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that relationship to

7

a conviction or sentence that has not been so invalidated is not cognizable under Section 1983."). The exclusive vehicle for such a challenge would be a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Section 2254 contains certain hazards, including time limits and exhaustion requirements, (see 42 U.S.C. 2244(d)(1)), and the Court makes no findings with regard thereto.

### III.   CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is afforded an opportunity to amend his complaint as against the County in accordance with this Order. Plaintiff's amended complaint must be labeled as an "amended complaint", bear the same docket number as this Order, 15-CV-1832 (JMA)(AKT), and shall be filed within thirty (30) days from the date of this Order. Should plaintiff choose to file an amended complaint it will be screened pursuant to 28 U.S.C. § 1915A.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to plaintiff.

**SO ORDERED.**

                                       /s/   (JMA)
                                       Joan M. Azrack
                                       United States District Judge

Dated: July 21, 2015
       Central Islip, New York