UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PETER DELEON, #14008089,

                                Plaintiff,

               -against-                     **ORDER**
                                            15-CV-3600(JMA)(AKT)

NASSAU COUNTY,

                                Defendant.
----------------------------------------------------------------X

**AZRACK, United States District Judge:**

On June 11, 2015, incarcerated pro se plaintiff Peter Deleon ("plaintiff") filed a complaint against New York state (the "State"), Nassau County (the "County"), the Nassau County Police Department (the "Police Department"), and the Nassau County "DA's Office" ("DA" and collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights accompanied by an application to proceed in forma pauperis. By Order dated July 21, 2015 (the "Order"), the court granted plaintiff's request to proceed in forma pauperis and sua sponte dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff was granted leave to file an amended complaint as against the County within thirty (30) days from the Order. On August 27, 2015, plaintiff filed an amended complaint.[1] Although the amended complaint was untimely filed, the Court accepts it and, for the reasons that follow, finds that it does not allege a plausible claim for relief. Accordingly, the amended complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

---

[1] Plaintiff filed a second in forma pauperis application and PLRA with his amended complaint. See Docket Entries 9–10. Because the Court has already granted plaintiff in forma pauperis status, see Docket Entry 7, these filings are unnecessary and the Clerk of Court shall terminate the open motion.

1

## I.     BACKGROUND[2]

Like the original complaint, plaintiff's amended complaint is brief.  Submitted on the Court's Section 1983 complaint form, the amended complaint alleges in its entirety:[3]

> I was arrested on November 10, 2014 on charges of Docket # 24567/14 & 24566/14.  Three weeks later, after my arraignment on the above stated charges, I was arraigned again on the charges of Docket #25410/14.  While in custody in Nassau County Corr. Center, I was rearrested and taken back to the precint to be photographed & fingerprinted for charges I was already arraigned on.  See: Docket #25410/14.  I refused to give them my fingerprints & photograph.  See: Moya v. US 761 F2d 322 (7th Circuit 1985).  The police officers acting under color of law violated my Due Process Rights which is secured by the United States Constitution.  I am being held against my will.  I've attached copies of motions that I've filed for the purposes of my immediate release.   But to no avail, I haven't been granted relief in that respect.  This is in direct violation of my civil rights & these statement of facts are recognizable under Title 42 U.S.C. ¶ 1983.  See: Sanders v. English, 950 F2d 1036 (6th Cir. 1992) and I am still fighting these charges and I have not heard anything in regard the 190.80 motion I put in.

(Am. Compl. at 6.)

## II.     DISCUSSION

### A.     Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).  Similarly, pursuant to the in forma

---

[2] All material allegations in the amended complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[3] Excerpts from the amended complaint are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation and grammar have not been corrected or noted.

pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**B.     Section 1983**

As the Court explained in the Order, Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a Section 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

When suing a municipality, such as the County, a plaintiff must "prove[] that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. County of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See Wimmer v. Suffolk County Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999). To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy officially endorsed by the municipality, (2) actions taken or decisions made by an official with final decision making authority, (3) a practice so persistent and widespread that it

constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees.  Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002); Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996). "[A] single incident in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy.  DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Like the original, plaintiff's sparse amended complaint does not include any factual allegations from which the Court may reasonably infer that the conduct of which plaintiff complains was caused by some policy or custom of the County.  Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists.").  Accordingly, because plaintiff has not alleged a plausible Section 1983 claim against the County, the amended complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### III.  CONCLUSION

For the forgoing reasons, the plaintiff's amended complaint is sua sponte dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to plaintiff and to close this case.

**SO ORDERED.**

                                        /s/ Joan M. Azrack
                                        Joan M. Azrack
                                        United States District Judge

Dated: October 22, 2015
        Central Islip, New York